### FEDERAL PUBLIC DEFENDER OFFICE
#### DISTRICT OF MASSACHUSETTS
##### 51 SLEEPER STREET, 5TH FLOOR
##### BOSTON, MASSACHUSETTS 02210

TELEPHONE: 617-223-8061
FAX: 617-223-8080

December 10, 2019

**<u>VIA EMAIL</u>**

Assistant U.S. Attorney Kenneth G. Shine
Assistant U.S. Attorney Robert E. Richardson
Assistant U.S. Attorney William F. Abely
United States Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210

       **RE:**   **United States v. Louis Coleman**
                **No. 19-cr-10113-FDS**

Dear AUSA Shine, AUSA Richardson, and AUSA Abely:

Thank you for your response to our discovery letter of October 5, 2019, and for the additional discovery you have provided since that letter. We understand that you still intend to produce the following items of discovery:

1. Extractions from Mr. Coleman's cell phone and tower computer (we have already provided you with the necessary storage media to do so).

2. Additional data derived from Mr. Coleman's car.

3. The manner in which Boston Police Department received data from OnStar about the location of Mr. Coleman's car, as well as any information or data provided by OnStar in response. Cellular service providers and companies like OnStar typically retain records evidencing law enforcement's request for location information. The records frequently include documents and electronic recordings of law enforcement's telephonic request for the information.

4. The FBI now has custody of all physical items of evidence taken by the Providence Police Department in this case. Please contact us about arranging a mutually agreeable date when we can inspect these items of evidence.

You declined to provide us with a copy of Jassy Correia's prior criminal history. You have already provided us with statements of witnesses who describe Ms. Correia's prior involvement with the criminal justice system, including one arrest in Atlanta, Georgia for an assault offense.

We believe such evidence is relevant to explain and corroborate Ms. Correia's behavior on the night of her disappearance.

You also indicate that law enforcement did not locate Jassy Correia's phone. However, discovery previously provided by your office indicates that Ms. Correia's phone was in an area of Dorchester close to her family's residence on Monday, February 25, 2019. Records provided by your office also show that there were some outgoing calls made from her phone on Monday, February 25, 2019.

Regardless of whether law enforcement has been given Ms. Correia's phone, if law enforcement has been able to retrieve any other communications made to or from Ms. Correia's phone on the night of February 23-24, 2018, whether those communications were retrieved from her phone, cloud storage, or from some other electronic device that had been synced with her phone, please provide us with same.

You declined to disclose whether law enforcement used facial recognition software as a means to identify Louis Coleman as a suspect in this case. As you know, the use of facial recognition software is a controversial technology that raises privacy and other Fourth Amendment concerns. Thus, this information is discoverable under Rule 16(a)(1)(F) (results or reports of any physical or mental examination and or any scientific test or experiment if...material to preparing the defense), Local Rule 116.1(c)(1)(B) (search materials), Local Rule 116.1(c)(1)(F) (identification procedures), and Local Rule 116.2(b)(1)(B) (information that would cast doubt on the admissibility of evidence ... and that could be subject to a motion to suppress or exclude).

Lastly, you declined to produce copies of the subpoenas issued to various entities who produced documents previously provided in discovery. It is our position that the process by which these records were obtained is discoverable under Local Rule 116.1(c)(1)(B) and Local Rule 116.2(b)(1)(B). It is also necessary for us to have copies of the subpoenas themselves to ascertain whether the records produced to the government fall within the proper scope of those subpoenas.

We are also now requesting, or re-requesting the following additional items of discovery under Fed. R. Crim. P. 16, Local Rule 116.1(c), Local Rule 116.2(b), *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, or for other reasons specified below.

1. Criminalistics reports, photographs, notes pertaining to the examination of the red Buick Regal, CA reg. 7WYA891, including but not limited to, photographs, notes pertaining to any examination of and collection of evidence from the vehicle, and results of any forensic testing.

2. Criminalistics reports, photographs and notes pertaining to the collection of DNA swabs from 95 Chestnut Street, Providence. We also note that although you say that the Providence Police Department told you they did not perform any forensic testing at Mr. Coleman's apartment at 95 Chestnut Street, when we were granted access to the apartment we noticed a purplish liquid over many surfaces in the bathroom, indicating the use of luminol.

3. Criminalistics reports, photographs and notes pertaining to the collection of DNA swabs from Jassy Correia's body.

4. Written summary of Louis Coleman's interview by Providence Police detectives in Delaware shortly after his arrest.

5. Bench notes and raw data relating to the DNA Laboratory Report produced on November 8, 2019.

6. Bench notes and raw data relating to the post-mortem toxicology report.

7. Another copy of part 2 of the video-recorded interview of Reginald Thomas (LC 1820). The copy provided to us has poor audio. If there is no better copy available, then copies of notes taken by law enforcement agents present at the time of the interview.

8. Promises, inducements, rewards to any witnesses by any law enforcement agency in connection with this case, including Aja Hiltz, Reginald Thomas, and Yvania Mondesir.

9. Recorded police communications leading up to the stop of Louis Coleman's car in Delaware, including but not limited to recordings from the RECOMM New Castle County Communications Center, BOLO broadcasted to law enforcement, and location information shared with law enforcement.

10. Delaware Detective Csapo's report relating to his search of the dumpsters at Grotto's Pizza.

11. Extradition documents signed by Louis Coleman in Delaware.

12. Recorded interviews of the following law enforcement officers involved in Mr. Coleman's arrest in Delaware: USM Shateim Mills, UDPD Sgt Anthony Battle, Cpl Burris, Cpl Kukan, and Cpl John Mitchell.

13. The Wal-Mart 1 videos (LC 3625-3628) are the same as the Wal-Mart 2 videos (LC 3629-3632). Please provide us with the missing videos.

14. Five of the six videos contained in the Wal-Mart Plainfield folder (LC 3633-3638) are blank. The only file with any video on it is LC 3635. Please provide us with the missing videos.

15. A written statement that Louis Coleman has been cleared as a suspect in other unsolved cases in Brockton, MA. *See* Cody Shepard, "Boston Kidnapping Suspect Eyed in Unsolved Brockton Murders," The Enterprise (March 1, 2019), available at https://www.enterprisenews.com/news/20190301/boston-kidnapping-suspect-eyed-in-unsolved-brockton-murders.

Please note that we may make additional discovery requests after reviewing additional discovery that is produced.  Please call if you have any questions regarding these requests.

Sincerely,
Counsel for Louis Coleman:

*/s/ Jane Peachy*
Jane Peachy, Esq.

*/s/ David Hoose*
David Hoose, Esq.

*/s/ Wade Zolynski*
Wade Zolynski, Esq.

CERTIFICATE OF SERVICE

I, Jane Peachy, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants(s) as identified on the Notice of Electronic Filing (NEF) on December 10, 2019.

*/s/ Jane Peachy*
Jane Peachy