UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 19-cr-10113-FDS |
| | ) | |
| LOUIS D. COLEMAN, III | ) | |

**ASSENTED-TO MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENAS**

The defendant, Louis D. Coleman III, hereby moves for the issuance of two Rule 17(c) subpoenas for records pertaining to law enforcement's warrantless real-time tracking of Coleman's vehicle and cellular telephone. *See* Fed. R. Crim. P. 17(c)(1). Specifically, the defendant seeks to obtain records pertaining to law enforcement's communications with OnStar, which was installed on Coleman's car, and T-Mobile, Coleman's cellular phone provider, from the period of time from when the victim in this case was reported missing, up until Coleman's arrest. This request specifically includes law enforcement's requests to OnStar and T-Mobile, the stated justifications for the requests, and location and other information relayed back to law enforcement from OnStar and T-Mobile pursuant to the requests. These records could be in the form of documents, emails, and/or recorded telephone conversations. The information is needed to investigate pretrial motions to suppress and to otherwise prepare for trial.

*United States v. Nixon*, 418 U.S. 683 (1974), provides the general analytical framework for a Rule 17(c) request. In order to obtain production prior to trial, "the moving party must show (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such

inspection may tend unreasonably to delay; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699-700; *see also United States v. The LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988). The moving party also has an obligation to avail itself of the Rule 17(c) mechanism in a timely fashion. *See United States v. Ingraldi*, 793 F.2d 408, 415 (1st Cir. 1986).

This request satisfies *Nixon* and related First Circuit caselaw. The government has charged Coleman with the kidnapping of the victim, with her death resulting, in violation of 18 U.S.C. §1201(a)(1). The victim was reported missing on February 26, 2019 at approximately 5:30 PM after last being seen leaving a nightclub in Boston in the early morning of February 24, 2019. Based on the review of surveillance video and other investigation conducted after the victim was reported missing, police determined that the victim had left a location in Boston with Coleman in his car in the early morning hours of February 24, 2019. On February 28, 2019, police went to Coleman's address in Providence, where they reviewed additional surveillance images that showed Coleman dragging the victim, who appeared to be either deceased or unconscious, into his apartment building early on the morning of February 24, 2019, and onto the elevator, and then dragging her body from the elevator on the fourth floor towards her apartment. When the police entered Coleman's Providence apartment later on February 28, 2019, neither Coleman nor the victim was in the apartment.

Law enforcement officers subsequently initiated an "exigency request" with OnStar. They were provided location information for Coleman's car from OnStar. That location information was provided to other officers. Based on location information provided to law enforcement from OnStar, law enforcement was able to locate Coleman's car in Delaware and initiated a motor vehicle stop. Coleman was driving the car, and the victim's deceased body was found in a suitcase in the

trunk of the car.

Law enforcement also attempted to locate Coleman's cell phone to attempt to locate him during this same period of time. According to discovery, Boston Police cited exigent circumstances to get location information from T-Mobile, Coleman's cellular service provider.

Coleman has requested discovery regarding the OnStar information described above in a discovery letter dated December 10, 2019. *See* D.E. 43. In a response dated December 26, 2019, the government disclosed that "information from OnStar was received telephonically by the Boston Police Department. We agree that OnStar may have retained pertinent records, but our understanding is that OnStar is likely to require legal process before providing such records." The government suggested moving jointly or otherwise for an order from the Court for such records. Coleman has also tried to obtain this information from OnStar independently, and has been told by OnStar that they require a court order. Coleman has also attempted to obtain the sought-after information from T-Mobile and has been informed that a court order is required.

According to both OnStar and T-Mobile, a court order is required to obtain information about how law enforcement gained warrantless access to real-time location information with respect to the vehicle Coleman was operating, resulting in the stop of his motor vehicle and his arrest. Law enforcement also gained and/or attempted to gain warrantless real-time location information with respect to Coleman's cell phone. Because the government is likewise not in position to obtain the requested information without a court order, the government assents to the allowance of this motion.

As such, the showing needed under *Nixon* exists here: (1) the location tracking information discussed herein is evidentiary and relevant; (2) Mr. Coleman has exercised due diligence to obtain the needed information, which is not otherwise procurable without a subpoena; (3) Mr. Coleman

cannot properly litigate pretrial motions to suppress and otherwise prepare for trial without this location tracking information; and (4) Mr. Coleman has acted diligently and with good faith.

## Conclusion

For the reasons outlined above, the parties request this Court issue Rule 17(c) subpoenas to OnStar and T-Mobile.

LOUIS D. COLEMAN, III
By his attorneys,

*/s/ Jane Peachy*
Jane Peachy
   B.B.O. No. 661394
*/s/ Wade Zolynski*
Wade Zolynski
   MT Bar No. 6088
Federal Defender Office
51 Sleeper Street
Boston, MA   02210
Tel: 617-223-8061

*/s/ David P. Hoose*
David P. Hoose
   B.B.O. No. 239400
Sasson, Turnbull, Ryan, & Hoose
100 Main Street
Northampton, MA 01060
Tel: 413-586-4800 Ext. 107

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 1, 2020.

*/s/ Jane Peachy*
Jane Peachy