UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-cr-10113-FDS |
| ) | |
| LOUIS D. COLEMAN, III ) | |

## PROPOSED VOIR DIRE QUESTIONS

Louis Coleman, through his counsel, respectfully submits these proposed voir dire questions pursuant to Fed. R. Crim. P. 24(a). He renews his request for a thorough jury questionnaire to assist the parties and the Court in identifying jurors who should be struck for cause, and to assist the parties in exercise their preemptory challenges intelligently.[1] *See* D.E. 228 (Defendant's Proposed Jury Questionnaire) and D.E. 227 (Defendant's Proposed Protocol for Selection of Jurors). However, in light of the Court's proposed jury questionnaire and stated

---

[1] As stated in Mr. Coleman's prior filings and in Court, Mr. Coleman maintains that one of the proper purposes of voir dire is to assist the parties in gathering information about jurors so that they may exercise peremptory challenges intelligently. *See Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991) ("*Voir dire* examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges"); *United States v. Ledee*, 549 F.2d 990, 993 (5th Cir. 1977) ("Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes"); *Kreuter v. United States*, 376 F.2d 654, 656-57 (10th Cir. 1967) ("The purpose of the voir dire examination is to determine whether the veniremen are qualified, whether they have prejudged the case, and whether their minds are free from prejudice or bias so as to enable the parties to ascertain whether a cause for challenge exists **and to ascertain whether it is expedient to exercise the right of peremptory challenge**") (emphasis added); American Bar Association, "Principles for Juries and Jury Trials" (rev. 2016), Principle 11(B)(3) at 13 ("Voir dire should be sufficient to disclose grounds for challenges for cause and to facilitate intelligent exercise of peremptory challenges"), available at https://www.americanbar.org/content/dam/aba/administrative/american_jury/2016_jury_principles.pdf.

protocol for selection of jurors in this case, Mr. Coleman asks that this Court ask each juror the following questions, in addition to the standard questions asked by the Court in criminal cases. He further asks that, due to the sensitive and private nature of some of the areas of inquiry, that jurors be questions individually and outside the presence of other jurors. Mr. Coleman maintains that the complexity of this prosecution, the extensive media coverage of the case, and the sensitive nature of the issues involved in this case warrant the need for a thorough exploration of potential jurors' prejudices and biases so as to guarantee Mr. Coleman's Sixth Amendment right to an impartial jury and his Fifth Amendment due process rights.

COVID

1. Will you feel uncomfortable if others in the courtroom are not wearing masks during the trial?

2. If a person involved in the trial chooses to wear a mask during trial, will you form an opinion about that person based on the fact that they have chosen to wear a mask?

3. If a person involved in the trial chooses not to wear a mask during trial, will you form an opinion about that person based on the fact that they have chosen not to wear a mask?

4. If the defendant wears a mask throughout the trial, do you believe this would make it more difficult for you to decide his guilt or innocence?

5. If he does not wear a mask, would it make you have any negative feelings toward him?

Principles of Law

As I have instructed you, as Mr. Coleman sits here, he is presumed innocent and will remain so until and unless the Government proves beyond a reasonable doubt that he is guilty of the crime of kidnapping resulting in death. This is the law and you must accept the law as I give it to you.

6. In spite of my instruction that Mr. Coleman is presumed innocent, will you have any difficult in following my instruction in this regard?

7. I have also instructed you that the burden of prove is always on the Government and that the defendant never has to prove anything.  Again, this is the law and you must accept the law as I give it to you.  In spite of that, do you feel that you will have any difficulty accepting my instruction that Mr. Coleman has absolutely no burden to prove his innocence?

8. Do you think that merely because Mr. Coleman has been charged with a crime by the United States, and indicted for that crime, that he must be guilty of that crime?

9. Will you have any difficult in accepting my instruction that the government is required by law to prove Mr. Coleman guilty beyond a reasonable doubt, and if the government fails to prove that he is guilty of kidnapping resulting in death beyond a reasonable doubt, you must find Mr. Coleman not guilty?

10. I have previously instructed you that Mr. Coleman has an absolute right not to testify and to remain silent.  I do not know whether Mr. Coleman will testify or not, but if he does not, you may not use that fact against him or even discuss it in any way.  Despite my instructions in this regard do you think you would nonetheless expect an innocent person to testify?

Employment/Associations

11. Have you or any member of your family ever worked for, or applied for a job with, any federal, state, or local law enforcement agency, federal or state prison, or prosecuting attorney's office either for pay or as a volunteer?

12. Have you or any member of your family ever served in the military?

13. Have you or any member of your family ever worked as a security guard or for a security agency?

14. Have you or any member of your family ever worked in a nightclub or bar?

15. Have you or any member of your family ever worked for, or volunteered for, an organization that provides services for victims of domestic violence, a rape crisis center, a victim services organization, or similar organization?

Prior Experience with the Courts

16. Have you, any family members or close friends, ever been involved in the state or federal court system as a victim or witness?

17. Have you, any family members or close friends, ever been involved in the state or federal court system as a defendant in a criminal case?

18. Have you, any family members or close friends ever been involved in a civil case in state or federal court either as a plaintiff or defendant?

19. Have you, any family members or close friends, ever been involved in the state or federal court system as a juror, employee or otherwise?

Past Experiences with Crime

20. Have you, a family member or close friend, ever been a victim of a crime, whether or not it was reported to the authorities?

21. Have you, a family member or close friend, ever been the victim of violence, whether or not it was reported to the authorities?

22. Have you, a family member or close friend, ever been a victim of sexual abuse, or sexual assault, whether or not it was reported to the authorities?

23. Have you, a family member or close friend, ever been accused of a crime?

Credibility of Witnesses

24. Would you be inclined to give more weight to the testimony of a witness who works for a law enforcement agency or for some other government agency, than to a witness who is not so employed?

25. Would you be inclined to give more weight to the testimony of a witness called by the government than to a witness called by the defendant?

26. Would you be inclined to disbelieve Mr. Coleman, should he testify, simply because he is the defendant?

Race and Other Issues Specific to this Case

27. Do you think that African-American men are more likely to commit crimes than members of other racial groups?

28. Do you believe that persons in our justice system – witnesses, case participants – are ever judged or evaluated in part based on their race?

29. Do you feel that in the last few years the police are being unfairly accused of racism?

30. Do you ever fear for your own or your loved ones' safety from violent crime?

31. Do you feel that the government is not doing enough to keep Boston area neighborhoods safe from violent crime?

32. Have you, a family member or friend ever received mental health counseling or treatment, or been diagnosed with a mental illness?

33. Have you, a family member or friend ever had a substance use disorder, been addicted to drugs or alcohol, overdosed from drugs or alcohol, or otherwise had a problem related to the use of drugs and alcohol?

As you read in the questionnaire, Louis Coleman is accused of kidnapping a woman named Jassy Correira, resulting in her death. It is alleged that Mr. Coleman met Ms. Correia after they both had attended a nightclub in Boston called Venu in February 2019. Ms. Correia was reported missing after a couple days. A couple days after that, Mr. Coleman was stopped by police in Delaware. Ms. Correia's deceased body was found inside a suitcase in the trunk of Mr. Coleman's car.

34. Do you remember reading or hearing anything about this case?

Tell us in your own words what you recall hearing or reading and from what source.

35. Do you have any personal knowledge of the facts or charges in this case?

36. Have you ever expressed any opinion about this case or anyone involved in it?

37. Based on what you have heard, read or seen about this case, have you formed an opinion of whether Louis Coleman is guilty or not guilty of the charge?

38. You will hear graphic testimony, and may see graphic images including videos, regarding an autopsy of the decedent, Jassy Correia, and how her body was discovered. Do you have concerns about your ability to sit through that type of evidence?

39. Is there any other reason why you could not be a fair and impartial juror in this case?

40. Is there anything else that you feel is important for you to tell the judge and attorneys?


LOUIS D. COLEMAN, III
By his attorneys,

*/s/ Jane Peachy*
Jane Peachy, BBO No. 661394

*/s/ Wade Zolynski*
Wade Zolynski, MT Bar No. 6088
Federal Defender Office
51 Sleeper Street
Boston, MA  02210
Tel: 617-223-8061

*/s/David P. Hoose*
David P. Hoose, BBO No. 239400
Sasson, Turnbull, Ryan & Hoose
100 Main Street
Northampton, MA 01060
Tel: 413-586-4800 Ext. 107

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for Defendants, who are registered participants as identified on the Notice of Electronic Filing (NEF).

Date:  April 18, 2022                        */s/ Jane F. Peachy*
                                                               Jane F. Peachy