UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 19-10113-FDS |
| | ) | |
| LOUIS D. COLEMAN, III | ) | |

### DEFENDANT'S MOTION IN LIMINE TO PROHIBIT CERTAIN ARGUMENT ON THE PART OF THE GOVERNMENT

Now comes the defendant in the above captioned matter and requests that this Honorable Court prohibit the Government from arguing either directly or indirectly that Jassy Correa was alive when Mr. Coleman brought her into his home at 95 Chestnut Street in Providence.

Without waiving his prior motion for mistrial, the defense contends that this action is necessary in order to more fully remediate the damage caused by the improper opinion that was elicited from Dr. Vershvovsky that Ms. Correa was alive at this time.

As the court will recall, defense counsel immediately objected to the opinion and moved to strike it from the record. The defense noted that this opinion had not been disclosed by the Government pursuant to its Rule 16 (a)(1)(G) obligations. It should be noted that not only did the Government fail to disclose this opinion, it failed to disclose that they had reviewed the videos with Dr. Vershvovsky and that she would testify that based on them she would say that there were no injuries visible. After the objection was lodged AUSA Nuzum explained on the record that she had been expecting a "more equivocal" answer. After hearing both parties, the court struck the opinion of Dr. Vervshovsky.

Later the same day, the defense moved for mistrial on the ground that the striking of the opinion was insufficient to remedy the damage done. The court denied the defense motion.

Defense counsel next requested by email that the Government disclose all exculpatory evidence pertaining to Dr. Vershvovsky's testimony.

On Wednesday, May 25, the Government responded via a letter attached to an email that they did not believe they had any exculpatory evidence in written form, but disclosed the substance of oral statements that Dr. Vershvovsky had made during her trial preparation meetings with Government attorneys and agents. The letter from the Government is attached to this pleading as *Exhibit A*.

A fair reading of the Government's response is that Dr. Vershvovsky blurted out an opinion, or more accurately opinions, that had clearly never been disclosed to the defense, and apparently not even to the Government. But whether the Government expected a more equivocal answer or not, it must be held accountable because AUSA Nuzum asked the question which elicited the response and damage to the defendant resulted.

Perhaps needless to say at this point, is that had these opinions been provided to the defense in a timely fashion their admissibility would have been vigorously litigated pretrial on *Daubert* grounds, and if the court nonetheless found them admissible, vigorously countered at trial with defense experts in the area of pathology and video. In a nutshell, the defense contends (after consulting with its own expert) that the video is not of sufficient resolution to make any determination as to what contusions and abrasions may or may not have been patent at the time Ms. Correa was brought into Mr. Coleman's building. Furthermore, visible marks from contusions and abrasions may manifest themselves anywhere from a few minutes to a few hours after they are inflicted depending on a wide variety of variables. Indeed, Dr. Vershvovsky's opinion should have been stricken based solely on the basis of form: "I *think* she was alive." [Emphasis supplied].

The allowance of this motion is necessary because if the Government even suggests that Ms. Correia was alive, or even that she could have been alive when she was brought into 95 Chestnut Street, it is going to be impossible for the jury to not recall Dr. Vershvovksy's testimony in this regard.

The defendant makes this request to secure his right to a fair trial and to due process of law as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

LOUIS D. COLEMAN, III
By his attorneys,

/s/ Jane Peachy
Jane Peachy, B.B.O. No. 661394

/s/ Wade Zolynski
Wade Zolynski, MT Bar No. 6088
Federal Defender Office
51 Sleeper Street
Boston, MA  02210
Tel: 617-223-8061

/s/David P. Hoose
David P. Hoose, B.B.O. No. 239400
Sasson, Turnbull, Ryan & Hoose
100 Main Street
Northampton, MA 01060
Tel: 413-586-4800 Ext. 107

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 26, 2022.

/s/Jane F. Peachy
Jane F. Peachy