UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 19-10113-FDS |
| ) | |
| LOUIS D. COLEMAN, III ) | |

**DEFENDANT'S RENEWED MOTION FOR MISTRIAL**

Now comes the defendant in the above captioned matter and requests that this Honorable Court declare a mistrial for the reasons set forth below.

The defense has previously moved for mistrial on the basis of the improper opinion testimony elicited by the Government from its medical examiner, Dr. Jennie Vershvovsky. While the court struck Dr. Vershvovsky's opinion that she *thought* Ms. Correa was alive when Mr. Coleman dragged her into his apartment building, the defense maintains that this action was insufficient to cure the damage that resulted.  (A motion *in limine* to prohibit the Government from arguing that Ms. Correia was alive when she was brough into the building is pending).

After the fiasco with Ms. Mondesir during today's session, it is apparent that the damage to Mr. Coleman's defense is irreparable.  In today's session, Ms. Mondesir was allowed to among other things, express her opinion that Mr. Coleman was guilty, accuse defense counsel of bringing her into court for no reason, inappropriately question defense counsel, improperly assert a "Fifth Amendment privilege" where it is clear that none exists, make comments directly to Mr. Coleman as he sat with his lawyers at counsel table, and most importantly testify falsely as to a matter that is of critical importance to the defense.  Despite the unresponsive and clearly inadmissible nature of Ms. Mondesir's statements, all of this took place without any action by the court to reprimand Ms. Mondesir, without any instruction to simply answer counsel's

questions, and without any recess to attempt to control the witness. When defense counsel was about to request a recess, the court instructed him to wrap it up. When he attempted to do so by asking her to agree to a statement that she had provided under circumstances that bore clear indicia of reliability, she falsely told the jury that Ms. Correa was not prostituting during the time frame in question. The court then *sua sponte* instructed the jury that it could not consider her prior statement to the Boston Police for its truth and that it could be considered only as to how it affected Ms. Mondesir's credibility.

The defense continues to maintain that the statement that Ms. Mondesir provided to the Boston Police Department on March 1, 2019 should be admitted pursuant to FRE 807. The statement has more than sufficient guarantees of trustworthiness as required by FRE 807 (a)(1). The statement was made to Boston Police Detectives who were investigating the death of the declarant's best friend, Jassy Correia. It is also clear that the statement has more than adequate corroboration as is also required by the same subpart of Rule 807. ███████████ ████████████████████████████████████████████████████ ████████████████████████████████ It is also clear that the statement is more probative on the point for which it is offered than any other evidence which the defense could obtain through reasonable efforts. Indeed, counsel's efforts with Ms. Mondesir's live testimony prove that there is no other way to get this evidence, which the Court has previously ruled can be admitted, before the jury. Lastly, the Government had notice of this statement as it was provided to the defense in audio form years ago. Defense counsel had the statement transcribed and provided the transcript to the Government weeks ago.

But at this point, whether the court should have admitted the statement in question under FRE 807 should not be the primary consideration. We now have a case about to go to the jury in

which the jurors have heard patently unreliable testimony from Dr. Vershvovsky that completely undermines the defense in this case, patently false testimony from Ms. Mondesir as to an issue critical to the defense, and they have witnessed an ugly scene caused by Ms. Mondesir.  The court should have undertaken to remediate the harm immediately.  Having failed to do so, the defense has no alternative but to renew his motion for mistrial for the reasons articulated above.

LOUIS D. COLEMAN, III
By his attorneys,

*/s/ Jane Peachy*
Jane Peachy, B.B.O. No. 661394

*/s/ Wade Zolynski*
Wade Zolynski, MT Bar No. 6088
Federal Defender Office
51 Sleeper Street
Boston, MA  02210
Tel: 617-223-8061

*/s/David P. Hoose*
David P. Hoose, B.B.O. No. 239400
Sasson, Turnbull, Ryan & Hoose
100 Main Street
Northampton, MA 01060
Tel: 413-586-4800 Ext. 107

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for Defendants, who are registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jane F. Peachy*
Jane F. Peachy