UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>LOUIS D. COLEMAN,<br>    Defendant.<br><br>    *and*<br><br>FIDELITY INVESTMENTS on behalf of<br>Raytheon Technologies,<br>    Garnishee. | CASE NO. 1:19-CR-10113-001-FDS |

## MOTION FOR PROPOSED ORDER OF GARNISHMENT

The United States of America hereby requests that this Court enter an Order of Garnishment against the Defendant, Louis D. Coleman (the "Defendant"), upon the Garnishee, Fidelity Investments on behalf of Raytheon Technologies, so that the United States can apply the funds held by the Garnishee towards the Defendant's outstanding judgment debt pursuant to 28 U.S.C. § 3205. The United States submits the following:

### BACKGROUND INFORMATION

On April 6, 2024, the United States District Court for the District of Massachusetts entered a second amended judgment against the Defendant for the sum of $61,462.68, plus accruing interest at the rate of 4.46 percent per annum. (Doc. No. 471)

Pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), the United States Attorney General is responsible for enforcing restitution orders.  *See* 18 U.S.C. §§ 3664(m)(1)(A)(1), 3612(c)(2).  To implement this responsibility, the United States moved for enforcement against the Defendant's assets by applying for a writ of garnishment against all funds

held by the Garnishee, Fidelity Investments on behalf of Raytheon Technologies, pursuant to 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act ("FDCPA").[1]

On March 27, 2024, the Garnishee filed an answer with this Court stating it has possession of funds held on behalf of the Defendant (Doc. No. 489). The Defendant did not object or assert a claim for exemption and request a hearing within the time period set forth in 28 U.S.C. § 3205(c)(7).

## ARGUMENT

As stated above, pursuant to the MVRA, the United States Attorney General is responsible for enforcing criminal monetary penalties such as fines and restitution. *See* 18 U.S.C. §§ 3664(m)(1)(A)(1), 3612(c)(2). The MVRA sets forth certain procedures for the collection of criminal fines. *See* 18 U.S.C. § 3613(a). Pursuant to 18 U.S.C. §§ 3613(f) and 3664(m)(1)(A), all provisions available for the enforcement of fines is also available for the enforcement of restitution.

Specifically, the MVRA provides that:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that–
>
> > (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the

---

[1] Under 28 U.S.C. § 3205(b)(1), the United States files an application for writ of garnishment containing information specified therein. If the Court determines the statutory requirements are met, the Court shall issue the writ of garnishment. 28 U.S.C. § 3205(c)(1). After issuance of the writ, the United States serves the writ on the defendant and the garnishee and certifies to the Court that it has done so. 28 U.S.C. § 3205(c)(3). Included with the service of the writ on the garnishee are instructions explaining the requirement that the garnishee withhold property in accordance with the writ and submit a written answer to the writ within 10 days of receipt. 28 U.S.C. §§ 3205(c)(2)(E), 3205(c)(3)(A), 3205(c)(6). Included with the service of the writ on the defendant are instructions for objecting to the answer of the garnishee and requesting a hearing within 20 days after receipt. 28 U.S.C. §§ 3205(c)(3)(B), 3205(c)(5). If no objection is filed and hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property. If a hearing is timely requested, the order shall be entered within 5 days after the hearing, or as soon as practicable. 28 U.S.C. § 3205(c)(7).

>Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;[2]
>
>(2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
>(3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a).

The MVRA further provides that the imposition of a criminal fine or order of restitution "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." *See* 18 U.S.C. § 3613(c); *see also* United States v. Hyde, 497 F.3d 103, 107 (1st Cir. 2007) (an order of restitution is, in effect, a tax lien against all of the Defendant's property); United States v. Irving, 452 F.3d 110, 126 (2d Cir. 2006) (criminal fines and restitution should be enforced in the same manner as a federal income tax liability; the MVRA creates an exception to ERISA's anti-alienation provision for enforcement of fines and restitution orders); United States v. Novak, 476 F.3d 1041, 1049 (9th Cir. 2007) (the MVRA contains language nearly identical to that concerning tax levy).

Pursuant to 28 U.S.C. § 3205 of the FDCPA, the United States filed an application for Writ of Garnishment in furtherance of enforcement of the criminal fine or order of restitution owed by the Defendant. 28 U.S.C. §§ 3205(a)-(c). After issuance and service of the Writ on the Defendant

---

[2] These items include wearing apparel and school books; fuel, provisions, furniture, and personal effects; books and tools of trade, business, or profession; unemployment benefits; undelivered mail; annuity or pension payments under the Railroad Retirement Act; benefits under the Railroad Unemployment Insurance Act; special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll; and annuities based on retired or retainer pay for the military under 10 U.S.C. § 1431, et seq.; workmen's compensation; judgments for support of minor children; certain service-connected disability payments; and assistance under the Job Training Partnership Act. 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12).

and the Garnishee, and with no objection or assertion of a claim for exemption and request a hearing made within the required time period, the United States requests that the Court promptly enter an order directing the Garnishee as to the disposition of such property. 28 U.S.C. § 3205(c)(7).

## CONCLUSION

WHEREFORE, the United States of America respectfully requests that the Court enter an Order of Garnishment directing that property subject to the previously issued Writ be disbursed by the Garnishee to the Clerk of the United States District Court for the District of Massachusetts for application towards the Defendant's outstanding judgment debt.

A proposed Order of Garnishment is submitted herewith.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

JOSHUA S. LEVY
Acting United States Attorney

By:   /s/Alexandra W. Amrhein
ALEXANDRA W. AMRHEIN
Assistant United States Attorney
One Courthouse Way Suite 9200
Boston, MA 02210
Tel. No. (617) 748-3100
Fax No. (617) 748-3972
Alexandra.Amrhein@usdoj.gov

Date: April 18, 2024

## CERTIFICATION PURSUANT TO L.R. 7.1 (A)(2)

Counsel for the United States of America respectfully requests that this Court waive the requirement that counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issues presented in this motion as the Defendant is not represented by counsel as contemplated by the Rule.

Date:  April 18, 2024                              /s/ Alexandra W. Amrhein
                                                                 ALEXANDRA W. AMRHEIN
                                                                 Assistant United States Attorney


## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2024, this document was filed through the ECF system and sent electronically to any registered participants, and sent to Fidelity Investments on behalf of Raytheon Technologies located in Covington, KY.

Date:  April 18, 2024                              /s/ Alexandra W. Amrhein
                                                                 ALEXANDRA W. AMRHEIN
                                                                 Assistant United States Attorney